## Landis's Estate.

*Practice, O. C. — Accounts—Audit of—Exceptions—Evidence—Burden of proof—Power of court as to rules of practice.*

1. The power to promulgate rules of practice is inherent in the court, and while questions of procedure which may arise are usually forestalled by formulated and printed rules adopted as rules of court, it is not possible to anticipate every contingency, and it, therefore, may become necessary to declare a new rule from the bench to meet a particular situation and to be then and thereafter no less effective than one which had been previously adopted and printed.

2. Where the husband and administrator of a deceased wife files an account in which he charges himself only with the amount of the appraisement, a very small sum, and an exceptant proves that the decedent had received from her father's estate a very much larger sum, the rule announced and to be followed in such case is that such evidence of the exceptant shifts the burden on the accountant, and the exceptant should not be required or permitted at that time to show further that the accountant had received some or all of such larger sum.

3. An account purporting to be a "last and final" account, though no previous account has been filed, and charging the accountant merely with the exact amount of the inventory and claiming credits not properly chargeable against the estate, is not a *prima facie* statement of the status of the estate, and may call for the intervention of the court, although no exceptions were filed.

Adjudication of account. O. C. Lancaster Co., Dec. T., 1921, No. 15.

*Isaac R. Herr, Harold G. Ripple* and *John E. Malone,* for estate.

*B. F. Davis,* for exceptions.

SMITH, P. J., Jan. 15, 1923.—The immediate question to be considered, though insubstantial, is not unessential. It is one as to procedure. Such questions usually are forestalled by rules formulated and printed, and recognized as rules of court, the power to promulgate which is inherent in the court. It is not possible to anticipate every contingency which might arise, and, therefore, it frequently becomes necessary for the court to supplement such rules by a declarative enunciation from the bench, and a rule so pronounced is no less effective than one which had been previously adopted and printed. In the case under consideration such a rule was announced, whereupon counsel for the accountant refused to act under it, substantially demurred. Whether or not the rule is indispensable, it applies only to the order of procedure and can in no way prejudice the rights of any one. Do the facts which prompted the rule justify this conclusion? Katie A. or G. Landis died on May 17, 1919. Letters of administration on her estate were issued to Samuel K. Landis. By an account of which the caption is "Last and Final Account of Samuel K. Landis, Administrator," he charges himself "with the full amount of the appraisement of all the estate of said decedent, $58.25." Nothing more. To this account Christian G. Landis, a son of the decedent and the administrator, filed exceptions, alleging that the accountant had not charged himself with all the property and money which came or should have come into his hands. Testimony was offered by the exceptant, showing that his mother had received $14,377.20 from her father's estate and, in addition, had owned

real estate which was sold by her for $9000. At this stage of the trial the court suggested that the exceptant rest his case. His counsel offered to further prove that this money, or some of it, had been received by her husband, Samuel K. Landis. To this offer counsel for accountant objected, and his objection *pro forma* was sustained, not because the offer was not relevant, but for the reason that it was not consistent with the rule then defined, holding that the burden of proof had been shifted to the accountant by reason of what the exceptant had proved.

It is conceded that an administrator's account generally is a *prima facie* statement of the status of an estate. Often, however, accounts are not accurate statements. It is not unusual for accountants to ask for additional credits and as well to be surcharged; and the *prima facie* value of an account may be weakened, even lost, by its deformed face. It may have been submitted in such a form as to require the intervention of the court, even though no exception had been taken to it, and call for the introduction of an unusual practice or the adoption of a rule that may seem meet.

The account before us is not assuring. It is called the last and final account, though there had been no previous account. When an accountant charges himself as this one did, and he neither adds to nor subtracts from it, he exhibits the improbable coincidence of the goods and chattels having been sold at the precise sum at which they had been appraised. The credits claimed in this account are not chargeable against the estate. The account is not accepted as a *prima facie* statement. But even if it could be admitted as such, the rule introduced is fitting. It was applied to the second move in the order of procedure, the first having been the offering of the account as *prima facie* evidence. Though it is now declared to be inadequate, it was at the time accepted as sufficient for the purpose intended, and the accountant was allowed to rest. The burden of proof, then, being on the exceptant, testimony was offered by him showing that his mother had had about $24,000, and the presumption is that she had no less at the time of her death. It was at this stage that the rule was introduced. It was held that under it exceptant should rest, that sufficient had been proved by him to shift the burden on the accountant, and thereupon the accountant in effect demurred and the trial came to an end.

The interjecting of this rule was on the motion of the court, and its importance is considered of weight enough to warrant this opinion, especially as hereafter it will be enforced as the proper practice in this court. The distinguishing the ruling as a rule may seem to unduly dignify it, but to emphasize it thus is preferred to having it noted as a precedent. The rule imports a logical procedure and violates no principle of law or equity, and is needful for the protection of the rights of parties who might otherwise become the victims of designing and dishonest administrators. This being true, who may deny the power of the court to adopt it? An administrator is the one who is presumed to be best informed as to the decedent's estate, and in this case the presumption is strengthened because the administrator was also the husband of the decedent. As this rule was intended to be a general one and not simply a ruling in this case, such additional testimony as the exceptant may have been able to offer was suspended for the obvious reason that the rule is intended to meet cases where exceptants would be unable to prove anything other than what this one had proved. In such an event, can it be maintained that an accountant will be permitted to ignore the exceptant and refuse an explanation? The shifting of the burden of proof on him at this stage of the proceeding imposed no hardship. If, as is alleged, the intestate left no estate, he could so answer, and then the burden of proof would again be shifted to the

exceptant. But surely an exceptant will not be denied the right to cross-examine an accountant. May an exceptant be catapulted out of court because he pleads for permission to ask the administrator of his mother's estate what became of $24,000 which he has proved she had some years before her death? On the theory of "probable evidence," it would be no strain on the presumption to accredit a Lancaster County housewife at her death with more rather than less than $24,000 which she had received years before. Nevertheless, it was argued that the accountant may remain mum until the exceptant had proved that this money was in the possession of the intestate at the time of her death. The administrator being the only one in a position to be fully informed, to require an exceptant in the first instance to measure up to such a ruling would shake confidence in the administration of justice. It was claimed that the administrator is not competent to testify. Why? He is the only one properly equipped to testify. It may be said that he can be called as on cross-examination, but why resort to such an objectionable shift when the rule provides a logical and orderly way.

Counsel for the accountant volunteered the irrelevant statement: "There are two defences: first, it is a gift; and, second, under the law, there can be no recovery after six years have expired." From this and from the overheard free exchange of banter between counsel during the progress of the trial, it is fair to infer that Samuel K. Landis got his wife's money. If she gave it to him, it ceased to be hers; if she lent it to him, it is not apparent how the statute of limitations could be interposed as a bar to recovery. But Samuel K. Landis does not appear either as a donee or a debtor; he is known to the court only as an administrator.

The only alternative would be to surcharge the accountant; except at the request of the parties, the proceeding will be suspended and the audit continued to abide the determination of an issue to be tried in the Court of Common Pleas of Lancaster County, wherein an administrator to be appointed to succeed Samuel K. Landis will be the plaintiff and Samuel K. Landis the defendant. Audit continued until Feb. 22, 1923.

From George Ross Eshleman, Lancaster, Pa.